UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHEN R. HERBEL, ET AL. | CIVIL ACTION NO. 20-0563 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ALLEN, GIBBS, & HOULIK, L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Allen, Gibbs, & Houlik, L.C.'s ("AGH") Rule 12(b)(6) Motion to Dismiss. See Record Document 28. Plaintiffs Stephen R. Herbel, B. Craig Webb, and Jerry Webb ("Plaintiffs") oppose the motion. See Record Document 33. For the following reasons, AGH's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case belongs to a family of lawsuits concerning David deBerardinis' ("deBerardinis") alleged Ponzi scheme.[1] In 2014, deBerardinis' business entity, FR III Funding ("FR III"), secured $17,500,000 in financing from Texas-based Plains Capital Bank ("PCB"), guaranteed by Plaintiffs. See Record Document 4-2. The loan was conditioned on an independent audit performed by AGH. See id. After PCB increased the loan to $29,500,000 in early 2015, AGH prepared a second independent audit report as required by the credit agreement. See id. In 2016, the United States Secret Service revealed deBerardinis' entire operation to be fraudulent. See id.

Plaintiffs originally filed the instant action on March 13, 2020 in the 134th Civil District Court, Dallas County, Texas after a renewed tolling agreement expired in

---

[1] See, e.g., Record Documents 34-1 and 34-4.

February 2020. The tolling agreement was entered on June 8, 2018 and was renewed three times. In March 2020, AGH removed the action to the United States District Court for the Northern District of Texas under 28 U.S.C. §§ 1441 and 1446. See Record Document 16. Defendant filed a Rule 12(b)(2) motion to dismiss or, alternatively, to transfer the suit to the United States District Court for the Western District of Louisiana under 28 U.S.C. §1404(a).[2] See Record Document 6. On April 30, 2020, the parties filed a Stipulation to Transfer agreeing to transfer the case to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). See Record Document 15. The Order to Transfer was entered on May 4, 2020. See Record Document 16.

Plaintiffs allege three causes of action against AGH: (1) negligent misrepresentation; (2) negligence; and (3) aiding and abetting. See id. at ¶¶ 56-68. Plaintiffs generally allege that AGH misrepresented the risk of fraud by ignoring internal concerns about FR III's involvement in the audit and failing to independently verify operations. See id. at ¶¶ 52-55. Plaintiffs believe that if AGH had contacted Alon, Freeport-McMoRan (a purported primary customer), or CCMP Capital Advisors (a private equity fund allegedly holding deBerardinis' cash accounts), the accounting firm would have easily discovered the fraud. See id.

More specifically, as to negligent misrepresentation, Plaintiffs assert AGH made representations in the course of its work as the accounting firm conducting the two independent audits that deBerardinis had tens of millions of dollars in cash flow and

---

[2] Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

hundreds of millions of dollars in fuel trades. See id. at ¶ 57. Plaintiffs allege AGH supplied false information for the guidance of others, specifically guarantors and investors. See id. at ¶ 58. Finally, Plaintiffs maintain AGH did not exercise reasonable care or competence in planning and performing the independent audits. See id. at ¶ 60. As part of their negligence claim, Plaintiffs allege AGH owed them a legal duty to conduct the 2014 and 2015 audits in a manner consistent with reasonable professional accounting standards and comport itself consistently with reasonable standards of diligence. See id. at ¶ 63. Plaintiffs assert AGH breached its duties to Plaintiffs and such breach was the proximate cause of their damages. See id. at ¶¶ 64-65. Plaintiffs maintain that AGH aided and abetted deBerardinis and FR III in his/its scheme to defraud and such aiding and abetting was a substantial factor in causing Plaintiffs to be defrauded. See id. at ¶ 67.

After transfer to this Court pursuant to Section 1404(a), AGH filed the instant Rule 12(b)(6) motion seeking dismissal, arguing prematurity and prescription/peremption under certain Louisiana statutes. See Record Document 28. AGH argued Plaintiffs' claims were premature because they failed to request the statutorily-mandated accountant review panel before filing suit. See id. Additionally, AGH contends Plaintiffs' claims are time-barred because suit was not filed before the statutorily applicable prescriptive and peremptive deadlines. See id. Plaintiffs oppose the motion, arguing Texas's choice of law provisions apply to this case because it was transferred via Section 1404(a); thus, the cited Louisiana procedural statutes do not govern. See Record Document 33.

**LAW AND ANALYSIS**

I.    **Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action "for failure to state a claim upon which relief can be granted." The Court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." Maze v. Garber, No. 6:19-CV-00953, 2020 WL 2892174, at *2 (W.D. La. June 1, 2020) (quoting in re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). However, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Bare legal conclusions are insufficient to survive a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This Court rarely grants Rule 12(b)(6) motions to dismiss and such motions are generally disfavored. See Red River Bancshares Inc. v. Red River Empls. Fed. Credit Union, No. 17-1370, 2018 WL 4623659, at *3 (W.D. La. Sept. 26, 2018) (citing Rodriguez v. Rutter, 310 F, App'x 623, 626 (5th Cir. 2009)).

II.    **Analysis**

AGH argues Louisiana law – including choice of law provisions and other statutory provisions setting forth prescriptive and peremptive periods – applies in this case. AGH seeks to dismiss Plaintiffs' claims as premature and perempted under Louisiana procedural law set forth in a number of Louisiana statutes, namely Louisiana Revised Statute 37:102. See Record Document 28. Relying upon Louisiana Civil Code Article 3549, AGH contends that a venue transfer under Section 1404(a) alters the applicable procedural law if Louisiana substantive law otherwise applies.

AGH's position is mistaken, as Texas choice of law provisions apply to this matter and, likewise, it will be the statute of limitations from the transferor state, i.e., Texas, that apply. To hold otherwise would allow AGH to succeed in the dismissal of Plaintiffs' case "simply because it moved the case from the inconvenient but proper form of Texas to the more convenient forum of the Western District of Louisiana, pursuant to § 1404(a)." Knight v. Delta Downs Racetrack, Casino and Hotel, No. 2:11-CV-2124, 2012 WL 4961193 (W.D. La. Oct. 16, 2012). AGH's motion must be **DENIED**.

### a.  Section 1404(a) and Procedural Law of the Forum

Under Section 1404(a), federal district courts may transfer cases from inconvenient forums to venues where the case "might have been brought." However, venue transfer does not undermine the significance of a plaintiff's forum choice. See In re Rolls Royce Corp., 775 F.3d 671, 677 (5th Cir. 2014); see also Knight, 2012 WL 4961193, at *4 (W.D. La. Oct. 16, 2012) (holding that a court should not punish a plaintiff for "picking a proper initial forum with a more advantageous statute of limitations"). Instead, it is merely a "judicial housekeeping measure" counteracting the inconvenience of a permissible venue. Van Dusen v. Barrack, 376 U.S. 612, 623 (1964). Further, the Fifth Circuit holds that a "transferee federal court must apply the law and policy of the transferor state." Cowan v. Ford Motor Co., 713 F.2d 100, 104 (5th Cir. 1983). If Section 1404(a) changed the *lex fori* (law of the forum), "the parties might well regard the section primarily as a forum-shopping instrument." Van Dusen, 376 U.S. at 636.

The current case is most analogous to Delta Downs, 2012 WL 4961193, at *4, wherein a sister court within the Western District of Louisiana applied Texas's statute of limitations in an action transferred from Texas under Section 1404(a). Plaintiff Knight

initially filed suit in Texas – what may have been an inconvenient venue, but not improper. See id. at *4. Defendant timely removed the case on the basis of diversity jurisdiction to the Eastern District of Texas. See id. at *1. The Eastern District of Texas then granted Defendant's motion to change venue to the Western District of Louisiana pursuant to Section 1404(a). See id. The Delta Downs court reasoned:

> Here, the case was originally brought in Texas, and thus for the reasons discussed *supra*, the court must apply Texas choice of law provisions. It follows that Ms. Knight should not be punished for picking a proper initial forum with a more advantageous statute of limitations, and Delta Downs may not use § 1404(a) as a way to effectively dismiss the case by moving it to a forum with a shorter prescriptive period.

Id. at *4.

Moreover, both the instant matter and Delta Downs are distinguishable from Tigert v. Am. Airlines, Inc., CIV.A 09-958, 2009 WL 5215978, *1 (W.D. La. Dec. 28, 2009), aff'd, 390 F. App'x 357 (5th Cir. 2010). In Tigert, the plaintiff was a Louisiana resident injured due to the actions of an American Airlines employee at the Oakland airport. See id. at *1. Almost two years after the date of her injury, the plaintiff filed a personal injury lawsuit in the Western District of Louisiana under diversity jurisdiction. Despite the plaintiff's reliance on California's two-year prescriptive period, this Court held that Louisiana's one year prescriptive period for delictual actions applied and the plaintiff's claim was barred. See id. at 1-4. Had the plaintiff originally filed suit in California and the case was transferred to Louisiana under Section 1404(a), the claim would not have been barred because California's *lex fori* (law of the forum), i.e., a two-year prescriptive period, would have applied. The key distinction is that the Tigert plaintiff originally filed suit in Louisiana.

Here, AGH seeks to apply Louisiana choice of law provisions, namely Louisiana Article 3549. Article 3549 provides:

> A. When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies.
>
> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
>
> (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.
>
> (2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice.
>
> C. Notwithstanding the foregoing provisions, if the substantive law of another state would be applicable to the merits of an action brought in this state and the action is brought by or on behalf of any person who, at the time the cause of action arose, neither resided in nor was domiciled in this state, the action shall be barred if it is barred by a statute of limitation or repose or by a law of prescription or peremption of the other state, and that statute or law is, under the laws of the other state, deemed to be substantive, rather than procedural, or deemed to bar or extinguish the right that is sought to be enforced in the action and not merely the remedy.

Based on this codal article, AGH argues Louisiana prescription and peremption rules apply and then moves to Louisiana Revised Statute 37:102(A) which requires that "[a]ll claims against certified public accountants or firms . . . be reviewed by a public accountant review panel." This condition must be conducted in accordance with the peremptive limits provided in Louisiana Revised Statute 9:5604: 1) one-year from discovery of alleged act, or 2) three-years from the act's commission. See La. R.S. 37:102(B). AGH argues dismissal of Plaintiffs' claims are proper under both of the aforementioned provisions of Section 102.

However, the application of Louisiana's choice of law provision – and the application of Section 102 that follows – is in contradiction of the well-settled principles set forth in Delta Downs. The Delta Downs court examined prior case law from the Supreme Court and the Western District of Louisiana:

> Taking the rule from Van Dusen [v. Barrack, 376 U.S. 612 (1964)], to heart, the Western District of Louisiana's Judge Nauman Scott, in Pappion v. Dow Chemical Co., 627 F.Supp. 1576 (W.D. La.1986), found that a diversity wrongful death case originally filed in the Eastern District of Texas and then transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) should be examined under Texas's choice of law rules. Id. at 1579. Like in the instant case, the parties' dispute centered around whether Texas or Louisiana's statute of limitations would apply to the plaintiff's claims. Id. at 1578. Also similar to the instant case, if Louisiana's prescriptive period of one year applied, the plaintiff's claims would be dismissed for want of timely prosecution, but if Texas's two year statute of limitations applied, the claims would survive. Id. at 1579. Judge Scott found that while Texas's "most significant relationship" test dictated that Louisiana substantive law should apply, Texas's choice of law rules on procedural law dictated that Texas procedural law should apply. Id. Further, Judge Scott noted that since both Texas's statute of limitations and Louisiana's prescriptive period were procedural in nature, this indicated that Texas's statute of limitations applied, therefore keeping the case alive. Id.

Delta Downs, 2012 WL 4961193, at *3. Louisiana choice of law provisions do not apply because this lawsuit was properly filed in Texas. It is irrelevant whether the Texas "most significant relationship test" ultimately requires the application of Louisiana substantive law as to the instant matter; case law holds that Texas procedural law governs.[3] To hold otherwise would allow impermissible forum shopping and elevate convenience above established principles of personal jurisdiction and venue. Thus, the Louisiana statutes

---

[3] Pursuant to Texas law, the most significant relationship test applies in determining choice of law. See Jackson v. W. Telemarketing Corp. Outbound, 245 F.3d 518 (5th Cir. 2001).

AGH relies upon in support of its prematurity and prescription/peremption arguments do not apply to the current case. The Rule 12(b)(6) motion must be **DENIED**.

## CONCLUSION

For the foregoing reasons, AGH's Rule 12(b)(6) Motion to Dismiss (Record Document 28) is **DENIED**. An order detailing the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 6th day of August, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT