UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHEN R. HERBEL, ET AL. | CIVIL ACTION NO. 20-0563 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ALLEN, GIBBS, & HOULIK, L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two motions filed by Defendant Allen, Gibbs, & Houlik, L.C. ("AGH"): (1) Motion in Limine and/or to Quash Plaintiffs' First Amended Rule 26(a)(1) Disclosures; and (2) Motion in Limine Regarding Evidence of Attorney's Fees and Settlement. See Record Documents 89 and 110. Plaintiffs Stephen R. Herbel, B. Craig Webb, and Jerry Webb ("Plaintiffs") opposed the motions. See Record Document 100 and 114. AGH filed a reply in relation to the first Motion in Limine and/or to Quash. See Record Document 102. For the reasons set forth below, AGH's motions are **DENIED**.

This case belongs to a family of lawsuits concerning David deBerardinis' ("deBerardinis") fraudulent Ponzi scheme. In 2014, deBerardinis' business entity, FR III Funding ("FR III"), secured $17,500,000 in financing from Texas-based Plains Capital Bank ("PCB"), guaranteed by Plaintiffs. The loan, guaranteed by Plaintiffs, was conditioned on an independent audit performed by CPA firm AGH. After PCB increased the loan to $29,500,000 in early 2015, AGH prepared a second independent audit report as required by the credit agreement. In 2016, the United States Secret Service revealed deBerardinis' entire operation to be fraudulent. deBeraradinis is now serving time in federal prison for his crimes.

As a result of deBerardinis' actions, multiple lawsuits were initiated. PCB filed suit against Plaintiffs in a separate matter in Texas state court in order to enforce the guaranties against Plaintiffs. In May 2023, the jury in the PCB Texas suit unanimously concluded that the guaranties issued by Plaintiffs in favor of PCB were unenforceable and awarded no damages.

In the instant matter, Plaintiffs allege three causes of action against AGH: (1) negligent misrepresentation; (2) negligence; and (3) aiding and abetting. Plaintiffs generally allege that AGH misrepresented the risk of fraud by ignoring internal concerns about FR III's involvement in the audit and failing to independently verify operations. Plaintiffs filed their original Initial Rule 26(a)(1) Disclosures[1] on May 22, 2020, stating:

> **Computation of damages claimed by the disclosing party.**
>
> Plaintiffs are seeking monetary damages including but not limited to the losses they have suffered and may continue to suffer in connection with their investments in deBerardinis' businesses both directly and indirectly, including but not limited to:
>
> (1) the amounts Plaintiffs may ultimately owe related to the loans from PlainsCapital Bank in Dallas, Texas to David deBerardinis. The amount being sought in that lawsuit exceeds $25 million.
>
> (2) the amounts Plaintiffs may ultimately owe related to the loans from Citizens National Bank in Louisiana where the proceeds ultimately went to David deBerardinis. The amount being sought by Citizens National Bank currently exceeds $5.5 million.

---

[1] Rule 26(a)(1)(A)(iii) provides, in pertinent part, that in general "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

    (3) the amounts personally invested in deBerardinis' supposed business based on the audit performed by Defendant. Plaintiffs are calculating that amount but it exceeds $10 million.

Record Document 89-2 at 5-6.  Then, on June 20, 2023, Plaintiffs filed their First Amended

Rule 26(a)(1) Disclosures, stating:

**Computation of damages claimed by the disclosing party.**

Plaintiffs are seeking monetary damages including but not limited to the following categories of losses they have suffered as a result of AGH's negligence and professional misconduct:

1. Amounts personally invested in deBerardinis' supposed business based on the audit performed by Defendant. Plaintiffs calculate those amounts personally invested with Mr. deBerardinis and/or his entities after the 2015 Audit as follows:

  a. $1,600,000 by Plaintiff Stephen Herbel;
  b. $2,900,000 by Plaintiff Jerry Webb; and
  c. $2,000,000 by Plaintiff Craig Webb.

2. $900,000 paid by Plaintiffs to Citizens National Bank, N.A. to resolve the lawsuit involving a $5.5 million loan that was amended and renewed after the completion of the 2015 Audit.[2]

3. Legal fees, costs, and expenses incurred by Plaintiffs in connection with this lawsuit and the loans involving PlainsCapital Bank and Citizens National Bank in the amount of approximately $5.4 million (to date).

4. Any additional amounts Plaintiffs may ultimately owe related to the loans from PlainsCapital Bank upon possible appeal from the jury finding in that matter.

Record Document 89-3 at 6.

---

[2] In the Amended Disclosures, Plaintiffs stated that the $900,000 paid was "confidential pursuant to the settlement agreement between the parties."  Record Document 89-3 at 6 n.1.  Plaintiffs requested that AGH confer with them prior to making this $900,000 number public so that they could ensure compliance with the settlement agreement.  See id.

**Motion in Limine and/or to Quash Plaintiffs' First Amended Rule 26(a)(1) Disclosures (Record Document 89)**

AGH objects to Plaintiffs' amended Rule 26(a)(1) disclosures because the deadline for discovery passed on March 31, 2023.  See Record Document 89-1 at 3.  Further, according to AGH, the amended pleading seeks to add a new category of damages, namely "3.  Legal fees, costs, and expenses incurred by Plaintiffs in connection with this lawsuit and the loans involving PlainsCapital Bank and Citizens National Bank in the amount of approximately $5.4 million (to date)."  Id.

AGH maintains that Plaintiffs' actions in relation to their disclosures for computation of damages violates the Rule 26(e)[3] duty to supplement initial disclosures in a timely manner.  The purpose of this rule is to prevent prejudice and surprise.  Thus, Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  AGH submits there is no justifiable excuse for Plaintiffs' delay because Plaintiffs have clearly known for some time about the new damage computation, yet they waited until "this late time" to supplement, thereby prejudicing AGH.  Record Document 89-1 at 5.  AGH contends that Plaintiffs'

---

[3] Rule 26(e) provides that "a party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."  Fed. R. Civ. P. 26(e).

"timing constitutes yet another instance of Plaintiffs flouting the scheduling order in order to create a material facts to defeat AGH's motion for summary judgment." Id.

In response, Plaintiffs argue AGH was not blindsided by the new damages computation. According to Plaintiffs, they have never concealed that they are seeking as damages "losses they have suffered and may continue to suffer in connection with their investments in deBerardinis' businesses, both directly and indirectly" including amounts related to the PCB loans. Record Document 89-2 at 5; Record Document 100 at 5. Plaintiffs have produced a letter from Plaintiffs' counsel to AGH's counsel dated April 3, 2019, wherein AGH was given notice that Plaintiffs were seeking "more than $3 million in legal fees" in connection with the PCB litigation. Record Documents 100 at 5 and 100-1 (Letter). Moreover, according to Plaintiffs, it was not until the PCB case concluded in May 2023 that their legal fees in relation to the PCB case were fully determined and then disclosed promptly in this matter in June 2023. See Record Document 100 at 7. Thus, Plaintiffs submit that AGH cannot claim to be prejudiced or surprised. See Reed v. Iowa Marine & Repair Corp., 16 F.3d 82, 85–86 (5th Cir. 1994) ("On these facts, the defendant could not have been caught unprepared due to any delay by Barker. There manifestly was no prejudice or surprise. The purposes of Rule 26(e) were not frustrated by Barker's conduct."). Based on the aforementioned facts, this Court does not believe AGH was prejudicially surprised under Rule 26(e).

Additionally, under Rule 37(c), this Court believes that any purported Rule 26 failure by Plaintiffs as to the computation of damages evidence was harmless under the Fifth Circuit's four factor test. In reaching this conclusion, this Court weighed: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the

evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir.2003).  Plaintiffs' legal fees, costs, and expenses are of significant importance, as they appear to form the mainstay of their theory of damages.  As stated previously, AGH cannot credibly claim surprise or prejudice.  Additionally, in September 2023 – at a time when the instant motion was fully briefed – this Court pushed the trial date in this matter for approximately seven months.  Yet, AGH did not move for expedited consideration of the instant motion, did not seek to reopen discovery, or even attempt to take advantage of Plaintiffs' proposal to appear for limited-purpose discovery on the issue of damages.  See Record Document 100 at 10.  Finally, this Court believes that Plaintiffs have provided a thorough explanation for the timing of their amended disclosures in relation to both PCB and Citizens National Bank.  For these reasons, AGH's Motion in Limine and/or to Quash Plaintiffs' First Amended Rule 26(a)(1) Disclosures (Record Document 89) is **DENIED**.

**<u>Motion in Limine Regarding Evidence of Attorney's Fees and Settlement (Record Document 110)</u>**

This motion is nearly identical to the previously discussed Motion in Limine and/or to Quash Plaintiffs' First Amended Rule 26(a)(1) Disclosures.  In the instant motion, AGH not only focuses on the $5.4 million in legal fees from the PCB case, but also $900,000 for a settlement from the Citizens National Bank case.  See Record Document 110-1 at 3.  Again, for the reasons stated above in relation to AGH's first motion, this Court does not believe that AGH was blindsided by the damages Plaintiffs have been pursuing for legal fees and costs, including settlement amounts paid, since 2019.  Additionally, Plaintiffs easily satisfy the Fifth Circuit's four factor test establishing that any delay in

disclosure was harmless.  AGH's Motion in Limine Regarding Evidence of Attorney's Fees and Settlement (Record Document 110) is likewise **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 28th day of March, 2024.

                                                                                                                                                                        United States District Judge