UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHEN R. HERBEL, ET AL. | CIVIL ACTION NO. 20-0563 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ALLEN, GIBBS, & HOULIK, L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Allen, Gibbs, & Houlik, L.C.'s ("AGH") Motion for Summary Judgment seeking to dismiss all of Plaintiffs' claims with prejudice. See Record Document 71. Plaintiffs Stephen R. Herbel, B. Craig Webb, and Jerry Webb ("Plaintiffs") opposed the motion. See Record Document 84. AGH replied. See Record Document 87. For the reasons set forth below, AGH's Motion for Summary Judgment is **DENIED**.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]**

This case belongs to a family of lawsuits concerning David deBerardinis' ("deBerardinis") fraudulent Ponzi scheme. In 2014, deBerardinis' business entity, FR III Funding ("FR III"), secured $17,500,000 in financing from Texas-based Plains Capital Bank ("PCB"), guaranteed by Plaintiffs. The loan, guaranteed by Plaintiffs, was conditioned on an independent audit performed by CPA firm AGH. After PCB increased the loan to $29,500,000 in early 2015, AGH prepared a second independent audit report as required by the credit agreement. In 2016, the United States Secret Service revealed

---

[1] The parties have submitted Statements of Fact (Record Documents 71-2, 84-2, and 84-3) setting forth detailed facts regarding the underlying events leading to the instant litigation. However, as stated infra, because this Court has decided AGH's Motion for Summary Judgment on the lack of choice of law analysis, such facts were not material to the resolution of the instant motion.

deBerardinis' entire operation to be fraudulent. deBeraradinis is now serving time in federal prison for his crimes.

In this matter, Plaintiffs allege three causes of action against AGH: (1) negligent misrepresentation; (2) negligence; and (3) aiding and abetting. Plaintiffs generally allege that AGH misrepresented the risk of fraud by ignoring internal concerns about FR III's involvement in the audit and failing to independently verify operations. They originally filed the instant action on March 13, 2020 in the 134th Civil District Court, Dallas County, Texas after a renewed tolling agreement expired in February 2020. The tolling agreement was entered on June 8, 2018 and was renewed three times. In March 2020, AGH removed the action to the United States District Court for the Northern District of Texas under 28 U.S.C. §§ 1441 and 1446. See Record Document 16. AGH filed a Rule 12(b)(2) Motion to Dismiss or, Alternatively, to Transfer the case to the United States District Court for the Western District of Louisiana under 28 U.S.C. §1404(a).[2] See Record Document 6. On April 30, 2020, the parties filed a Stipulation to Transfer agreeing to transfer the case to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). See Record Document 15. The Order to Transfer was entered on May 4, 2020. See Record Document 16.

Shortly after the Section 1404(a) transfer, AGH filed a Rule 12(b)(6) Motion to Dismiss and argued that since the Texas case had been transferred to this Court sitting in Louisiana, this Court should apply Louisiana choice of law provisions. See Record

---

[2] Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Document 28.  Under AGH's approach, Plaintiffs' claims would be barred.  See id.  In August 2021, this Court denied AGH's Rule 12(b)(6) Motion to Dismiss, stating:

> AGH's position is mistaken***, as Texas choice of law provisions apply to this matter*** and, likewise, it will be the statute of limitations from the transferor states, i.e., Texas, that apply.  To hold otherwise would allow AGH to succeed in the dismissal of Plaintiffs' case "simply because it moved the case from the inconvenient but proper for[u]m of Texas to the more convenient forum of the Western District of Louisiana, pursuant to § 1404(a)."  Knight v. Delta Downs Racetrack, Casino and Hotel, No. 2:11-CV-2124, 2012 WL 4961193 (W.D. La. Oct. 16, 2012).
>
> . . .
>
> ***Louisiana choice of law provisions do not apply*** because this lawsuit was properly filed in Texas.  It is irrelevant whether the Texas "most significant relationship test" ultimately requires the application of Louisiana substantive law as to the instant matter; ***case law holds that Texas procedural law governs.*** [3]  ***To hold otherwise would allow impermissible forum shopping and elevate convenience above established principles of personal jurisdiction and venue.***  Thus, the Louisiana statutes AGH relies upon in support of its prematurity and prescription/peremption arguments do not apply to the current case.  The Rule 12(b)(6) motion must be **DENIED**.

Record Document 35 at 8-9 (emphasis added).

## LAW AND ANALYSIS

**I.    Rule 56 Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

[3] Pursuant to Texas law, the most significant relationship test applies in determining choice of law.  See Jackson v. W. Telemarketing Corp. Outbound, 245 F.3d 518 (5th Cir. 2001).

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). To satisfy this burden, the nonmovant must identify specific evidence in the record, and articulate the "precise manner" in which that evidence supports the claim. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). Unsupported allegations that are conclusory in nature are insufficient to avoid summary judgment. See Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The nonmovant cannot rely on some metaphysical doubt as to

the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. See id.

II. Analysis.

AGH begins its motion by urging the application of Louisiana substantive law. More specifically, it asserts that all of Plaintiffs' claims should be dismissed because there is a complete lack of privity between AGH and Plaintiffs, as required by Louisiana Revised Statute 37:91. See Record Document 71-1 at 6. AGH submits that Louisiana's strict privity statute, which is substantive law, applies to this matter. See id.[4] However, as noted by Plaintiffs in their response, AGH's position is predicated on an erroneous statement, that is: "This Court in a prior judgment ruled that Louisiana substantive law is applicable to this case." Record Document 71-1 at 6. This assertion is incorrect, as this Court held in the previous ruling that "Texas choice of law provisions apply to this matter" and that Texas' most significant relationship test must be used to determine which substantive law should apply to this case. Record Document 35 at 5, 8.[5]

In response, Plaintiffs submit that AGH's failure to conduct the proper choice of law analysis results in a failure to carry its initial summary judgment burden. See Record Document 84-1 at 18. Plaintiffs note that "Texas choice of law rules require the party

---

[4] Relying on Louisiana choice of law, AGH also discussed Plaintiffs' claims under Kansas law's privity requirement. See Record Document 71-1 at 9. Alternatively, if the privity argument is rejected by the Court, AGH analyzes and seeks dismissal of Plaintiffs' negligence, negligent misrepresentation, and aiding and abetting claims under Louisiana substantive law. See id. at 10-14.

[5] At the conclusion of its Motion for Summary Judgment, AGH also reurges its previously filed Rule 12(b)(6) Motion to Dismiss (Record Document 28) and once again maintains that Louisiana procedural law applies to the instant matter. See Record Document 71-1 at 14-15. This request is **DENIED** as AGH has provided no good cause, new evidence, or legal authority for revisiting this Court's 2021 order.

urging application of another state's substantive law to furnish the Court with sufficient information to establish that the law of another state applies." Janvey v. Alguire, 846 F. Supp. 2d 662, 671 (N.D. Tex. 2011) (cleaned up). Stated another way, the Court is to presume Texas law applies and the burden is on AGH to overcome that presumption. Plaintiffs contend "this failure is fatal" because "a movant for summary judgment seeking to have the law of another state applied must satisfy its burden of proof with respect to fact questions necessary to the choice of law decision." Record Document 84-1 at 18, citing Hughes Wood Prods., Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex.2000). Because AGH failed to conduct any type of choice of law analysis in its initial motion, Plaintiffs contend the Court's summary judgment analysis should end and the motion should be denied.

Here, the Court must begin its analysis by referencing AGH's initial responsibility – as the movant – to demonstrate the reasons justifying the motion for summary judgment. See Tubacex, Inc., 45 F.3d at 954. If AGH fails to meet this initial burden, then the Court **must** deny the motion. See id. (emphasis added). In its initial motion, AGH conducted no choice of law analysis. Instead, it incorrectly stated that Louisiana substantive law was applicable to this case and sought dismissal of Plaintiffs' claims under Louisiana (and even Kansas) law. See Record Document 71-1 at 6-14. It was not until its reply brief that AGH seemingly realized its error and conducted a cursory, two page choice of law analysis concluding that Texas substantive law does not apply to this case. See Record Document 87 at 2-3. Likewise, AGH did not address the elements of Plaintiffs' claims under Texas law until its reply brief. See id. at 38.

The purpose of a reply brief is to allow the movant to rebut the nonmovant's response, not present new legal theories or arguments.  Additionally, while it is true Plaintiffs conducted their own choice of law analysis in their response, now the Court is faced with a situation where Plaintiffs have not been given a fair opportunity to respond to AGH's choice of law analysis or its analysis of Plaintiffs' claims under Texas substantive law, both of which were set forth in AGH's reply.  For these reasons, AGH's Motion for Summary Judgment must be **DENIED**.  The motion is deficient as it assumed Louisiana substantive law applies to the instant matter, contained no choice of law analysis, and did not provide the Court with the necessary argument and/or analysis to conclude there was no genuine dispute as to any material fact.  See Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553; Tubacex, Inc., 45 F.3d at 954; Superior NDT LLC v. Streamline Energy Servs. LLC, No. 2:22-CV-00298, 2024 WL 718696, at *2 (S.D. Tex. Jan. 12, 2024).

This matter is set for pretrial conference on April 2, 2024.  Based on the briefing associated with the instant motion and in light of the Proposed Pretrial Order (Record Document 113) filed by the parties,[6] it is evident that this Court must make a pretrial, legal

---

[6] Under Defendant's Contentions of Law in the Proposed Pretrial Order, AGH states:

> 6. Kansas substantive law applies to this matter.
>
> . . .
>
> 8. To the extent that Kansas substantive law does not apply, Texas substantive law applies.
>
> . . .
>
> 10. To the extend Texas substantive law does not apply, Louisiana substantive law applies.

Record Document 113 at 8.

determination of the substantive law applicable to this case. In total, the memoranda filed in connection with the Motion for Summary Judgment – motion, response, and reply – totaled approximately 55 pages. Choice of law analysis was discussed on less than ten of those pages. This Court believes that such an issue requires more focused attention from both the parties and the Court, as such determination will determine if Plaintiffs' claims are viable and will be the driving force behind the drafting of jury instructions if/when this matter proceeds to trial. Therefore, at the pretrial conference, counsel shall be prepared to discuss the most efficient way for the Court to make this pretrial determination.[7]

## CONCLUSION

For the foregoing reasons, AGH's Motion for Summary Judgment (Record Document 71) is hereby **DENIED**. The Court finds that the motion is deficient as it assumed Louisiana substantive law applies to the instant matter, contained no choice of law analysis, and did not provide the Court with the necessary argument and/or analysis to conclude there was no genuine dispute as to any material fact.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 1st day of April, 2024.

_____
United States District Judge

---

[7] The Court acknowledges that Plaintiffs believe it is too late for AGH to raise the choice of law issue, seemingly arguing that the presumption of Texas substantive law applying remains in place. See Record Document 84-1 at 19 n. 11. Plaintiffs submit that "the case should not be slowed down or the schedule changed because of AGH's disregard for the plain language of the Court 2021 Memorandum Order." Id.